Curia, per

O’Neall, J.
The right of the plaintiff to recover depends upon the question, whether he and his *323 wife have together had four years adverse possession of the slaves in dispute, after the defendant’s right of action or seizure accrued. This question presents two points for consideration: 1st. As to the character of the possession ; and 2d. As to the time when the statute of limitations commenced to run against the defendant. It is true, as is stated by the Judge below, that “ when one holds for himself and in his own right, and not for and in the right of another,” it is an adverse possession. The application of this definition to the facts of this case must shew, that the possession of the plaintiff’s wife could not be adverse to the defendant. He sold to Dr. Wragg, under an order of the court of Equity, directing the sale to be made on a credit of one, two and three years, to be secured by bond with personal security and mortgage ; the titles to be made, but not delivered till the payment of the first instalment: and on non-payment thereof, the commissioner to re-sell for cash. The purchaser received possession without giving either bond or mortgage, and this was, on the part of the commissioner, perhaps, a waiver of any benefit which he could have received from that part of the order. Still, however, this did not confer a perfect right of property on the purchaser. He had only a qualified estate, liable to be divested on failing to pay the first instalment. His possession was according to his title, and consistent with the title of the defendant. He held not exclusively for himself, but both for himself and the defendant. If he was the plaintiff now seeking a recovery, no one could suppose that his title was perfected by a possession commencing before there had been a failure to pay the. first instalment. The purchaser from him, with notice of the decree of sale, cannot be in any better situation than he is. The purchase so made is affected by all the equities existing between Wragg and the defendant. Mrs. Patterson’s possession under the title of Dr. Wragg, was consistent with the title of the commissioner, until default was made in making payment of the first instalment. Up to that time she held an estate, which, in buying from Dr. Wragg, she legally consented should be divested on his failing to make that payment. She did not hold for herself, and in her own right, *324 but for and in the right of the commissioner. Her possession was, therefore, not adverse until that time.
It may be, as was supposed in the argument, that, upon the failure of Dr. Wragg to give bond and personal security, the commissioner had the right to re-sell; but if he had the right then, there can be no doubt that he had also the right to seize and re-sell upon default being made in the payment of the first instalment, He might waive the first without defeating the second. For the right to act upon the second default did not depend upon the first. Each was independent of the other. The commissioner might, if he chose, regard the purchaser as both able and willing to pay, and dispense with the execution of either bond or mortgage. It was an act which rendered him liable to the party in interest for the purchase money, if he failed to make it out of the purchaser or the property. This is, however, the extent of its effect; it discharged no other lien on or right in the property. If bond and mortgage had been given, the commissioner, acting under the order, would have had an unquestionable right, if default in the payment of the first installment had been made, to have seized and re-sold the negroes. The fact, that neither of these securities were executed, cannot defeat his right to proceed under the order. Under the mortgage, if it had been executed, he could have proceeded to sell for a failure to pay any of the instalments, even if the first had been paid. But under the order, he had only the right to re-sell if the first instalment was not paid. This was a pre-requisite to the vesting of a legal right in Dr. Wragg. At this default the defendant’s right to seize and re-sell the slaves was perfect ; in other words, he then might, by virtue of his legal estate, defeat the equitable estate of his vendee. From that time his cause of action accrued, and from that time Mrs. Patterson’s possession was adverse to his title. Four years not having intervened between that time and the seizure and re-sale, defendant’s justification was a legal one, and he was entitled to recover.
The motion for a new trial is, therefore, granted.
Johnson, J. and Earle, J. sitting for Harper, J. concurred.
*325 At Spring Term, 1832, the case was again tried before Evans, J. on the same testimony, with the addition of the testimony of a Mrs. Pigott, which was to the same effect as that of Mrs. Pache. The jury again found for the plaintiff, and the defendant again appealed; and the Court of Appeals being still in session, the case was heard, and decided as follows;
Curia, per , O’Neall, J. The former opinion in this case decided that the defendant’s right to seize and sell the slaves in dispute, was not barred until the expiration of four years from the time at which default was made in making the first payment. The case now before us is in no respect essentially different from that before presented to us.
Mrs. Pigott is an additional witness for the plaintiff;— but her testimony furnishes us with no fact establishing either a waiver of the defendant’s rights, or of the commencement of an adverse possession at a time earlier than that which, by law, commenced upon the failure to make the first payment.
The necessary consequence must be, that a verdict found directly contrary to the law of the case cannot be supported.
The motion for a new trial is, therefore, granted.
Johnson, J. concurred.